District of Columbia, Mr. Light for the appellants, Mr. Lederstein for the Appley, D.C. Good morning. May it please the Court. Good morning. This case involves the question of whether the government's post-in-forfeit system violates the unconstitutional conditions doctrine. It is a question of whether the government's post-in-forfeit system  violates the unconstitutional conditions doctrine. This Court's decision in Otter v. Pritzker set forth guidance as to how this Court analyzes such questions. Before that has to be answered, the person has to be deprived of something in the way of due process. What are they being deprived of here? They're being deprived of their property interest and their money without having due process. Don't they have a full right to hearing if they choose? They choose to waive it when they post the money and go along with the post-in-release, don't they? There's no hearing to waive unless you're referring to a criminal trial. Yeah. What happens if they don't take the deal here? They don't take the deal. Then they go through the court process. The court process. That's what we call due process. Due process doesn't mean you force process on people. It means you make it available. What process isn't available here? When you go in and plead guilty, you don't get a jury trial. But if you haven't been deprived of due process, you waive the jury trial. If you get a speeding ticket and you go down and you pay it at the courthouse, you don't have a trial because you waived that due process. What's the reason? Well, by going through the criminal process, you have protections in the form of a judge, prosecutorial discretion. And don't they have every opportunity to do that here? They are being coerced into waiving that. How are they being coerced? They're being offered. You can opt out of that very difficult, very expensive system for paying a relatively small amount. You can opt out of due process. You always can opt out of due process. It's always difficult. Well, it's not all that difficult, but it's always going to be expensive. If you plead guilty or if you pay a traffic ticket, you're doing the same thing. You're electing to be deprived of your money without any further process. Well, Your Honor, I don't agree that you can always waive due process. Certainly, one couldn't consent to have a trial before a biased judge or a tribunal without any power to adjudicate them or, for that matter, before a police officer instead of a judge. So there are some limits to what kinds of things are waivable in terms of due process. And this is precisely one of those things. If somebody chooses the judicial option, they do get due process. They don't get any due process if they go through the post-enforcement procedure. What about plea bargaining? How would you distinguish that or would you or can you? So plea bargaining is distinguishable because in that system there are procedural safeguards. A judge has to accept the plea of guilty. It's not as if somebody goes in, says, I'm guilty, and then the prosecutor just takes them off. How about paying a traffic ticket? How do you distinguish that? Well, there's due process when you deal with traffic infractions as well. When you get a ticket, what process is different than what you're doing here in the posting? When you get a traffic ticket, there's a potential for a hearing even though it may not be. There's a potential for a hearing here. You just have waived it when you go through the posting. There's no hearing being offered to waive in the traffic infraction. Whoa, whoa, whoa, whoa, whoa. You're the right person, I think, who told me just a few minutes ago that if you didn't accept the posting process, you're going to wind up having a hearing, right? Perhaps I'm not being clear. I'm distinguishing between a hearing and a trial. Between hearing and hearing? Right. I don't think we make that distinction. Between hearing and hearing and due processing. Sure. You pay the traffic ticket, you don't have a hearing. When you pay a traffic ticket... You post and forfeit, you don't have a hearing, right? Either one of them. Well, when you have a traffic ticket, you have an option of you can admit that you're guilty or you can deny it and have a hearing. Post and forfeit, you can decide that you don't want to post and forfeit, and you can get a misdemeanor, and you can choose the hearing or you can choose post and forfeit, right? I'm not understanding the distinction you're making between that and the traffic ticket. Well, with a traffic ticket, there is no option to just pay money, right? Yes, there is. Typically, there is, yes. The option is I admit guilt, and therefore I'm paying money. So it's an abbreviated process. Because you're admitting guilt, there isn't much to decide. You're not denying it. It's not necessarily the equivalent of a guilty plea. It can be the equivalent of a no-law. Sure. You're admitting it, and that's why. And you can do the same thing under the post and forfeit. You can pay your money and take your liberty. Well, post and forfeit doesn't ask whether you're admitting or not. Post and forfeit does the traffic ticket. You send your check in, you have no load. Well, you are, with the traffic ticket, it is an abbreviated process when you are admitting that you did it. But with the post and forfeit, it's not just an abbreviated process. There is no process. There is no determination whatsoever. It would be one thing if... Isn't this analogous, or in fact, maybe, to the post and forfeit? Well, the... Part of the problem is that, you know, it's not just a matter of whether you're admitting or not. It's a matter of whether you're admitting or not. The difference between a police officer and a prosecutor is that the prosecution's office has additional safeguards to guide that discretion. For example, if somebody believed that the discretion is being exercised inappropriately as a violation of the Constitution, that would all be something that could be part of the judicial system. And that kind of... What, oversight within the prosecutor's office is not analogous to the oversight within the police department? That's right. There's no... There's not even any standards for when the police department are to offer this. It is completely unfettered decision-making on their part. But I think another... But there are... The police chief has to promulgate the list of misdemeanors that will qualify for this post-forfeit, right? Right. There's no guidance as to which things go on that list. But they promulgate a list, and then, sort of, arbitrarily set dollar values for it. And then, the police officers are given no guidance as to when to offer it and when not. But I think even... But wouldn't the vast majority of arrestees be thrilled to have this option? And your suit, if successful, would take away something that allows quick, speedy, efficient resolution of arrests? Well, I think it's not really a question of whether people would prefer a system that, if there's constitutional problems with it, it doesn't matter if both sides are happy with it. The issue is, I think people would be even happier to not go to trial and not pay the money because they are not guilty. Are you asking us to do away with misdemeanors? That seems to be what you just said. No, no. What I'm saying is, if the... The situation that exists here is somebody has committed, or at least the police think somebody has committed a misdemeanor. Right. Something's going to happen. Right. One thing that could happen would be they could arrest them, take them to jail. Right. And then they would eventually have a trial. Right. Or one thing that could happen is they can post them in forfeit. Right. And in the post-in-forfeit... You really want to take away the post-in-forfeit option? It wouldn't take away the post-in-forfeit option. It would add a procedural safeguard. What are you wanting us to do that adds a procedural safeguard? Well, the choice of procedural safeguards needs to be up to the counsel. The issue here is... You're a counsel right now. You're a legal counsel. What is it that you think can be done to keep post-in-forfeit and make it constitutional? At least some sort of minimal... No, no, no. Don't give me some sort of. Tell me something that can be done. Okay. For example... Give me an example of what would be... Right. For example, like with a parking ticket, you can schedule, if you want, a hearing, or you can fill out a form and say, I did it. But at least then there would be some opportunity within that system that whether or not the counsel had to create it, there would at least be some opportunity to make your case using that option. Couldn't I have a hearing? You can go through, subject yourself to the criminal process. And have a hearing, yeah. But what's different here is if the government wants to offer two tracks, both of them need to comport with due process. It's not enough to say, on the one track, the government can offer something with no procedural safeguards because you can always not choose it. That would allow the government to create any sort of process, regardless of how arbitrary it is, as long as the government said, well, you can always have a criminal trial if you want one. That would allow, essentially, the government to impose whatever conditions they want. The criminal process is filled with decisions of that sort, from all the way from arrest to the end of the line in clemency, where it's just totally discretion and there are no particular standards. The prosecutor can charge a felony or the prosecutor can charge a misdemeanor or can charge maybe both. The prosecutor can plea bargain, but he doesn't have to. The prosecutor can accept a plea to a lesser included offense, but he doesn't have to. The jury can dispense its version of justice and acquit, even though the evidence of guilt is overwhelming, and on and on and on. The entire criminal process is filled with that. Which leads me to another question. I don't see that Matthews v. Eldridge is the standard here. The Supreme Court decided that when it comes to the criminal process, the Medina case controls. And that case asks whether whatever the procedure is, whether it violates some well-grounded fundamental fairness recognized in the history of the country. And I don't see any claim of that sort on your part. Sure. Well, as far as the issue of discretion, the analogy here, I think, would be the police have the discretion to offer post and forfeit or not. But what is unique about here, and what never occurs in the criminal process, is you never get to say, prosecutor, I'll give you 50 bucks if you make it a misdemeanor instead of a felony. Or I'll give you $100 if you just drop the case. And that's essentially what's happening there. Well, if you look at the post, the amount of money that's being posted. By the way, what is the highest amount that's required for a post and a misdemeanor? I don't know. I know it goes over 100 to at least 250 for certain things. There are a lot of obscure crimes on the list. Yeah. But if you view that as a fine, then the analogy that Judge Santel was drawing is perfect. Is it not? Well, the problem is. You can pay the fine. Right. Or you can contest it in a trial. But before anybody pays a fine, there is a finding of some form of another. Well, there is here. The person's been arrested. So at a minimum, there's probable cause that the person committed a misdemeanor. That's a finding. Well, it's a finding of probable cause, but that's not an adjudication. There's not a finding one way or the other on a traffic ticket when you send your check in. There is no finding. This is exactly like paying your traffic ticket without going to court. Well, it's a finding in the same way that any administrative procedure would have a finding. If I end up with a civil infraction, I can go before an administrative judge. Yeah. It's not a finding before. Well, you can pay a fine in an administrative procedure without having the judge adjudicate anything. Well, the administrative. It happens every day all the time. In fact, this is even more lenient than the traffic ticket situation because you pay the traffic ticket and points may be added to your record. But here, if you follow the post and forfeit procedure, the statute itself specifically says that it doesn't go on your criminal record. It can never be used against you. I think that's actually part of the problem. It's so lenient that it has a coercive effect. There's no reason for anybody to ever choose the criminal process, and that is what makes the unconstitutional conditions doctrine so powerful here. Okay. We'll give you some time back on rebuttal. Thank you. Hopefully it'll be brief. Good morning. May it please the Court. I'm Jason Lederstein for the District of Columbia. We just want to emphasize that this is a piece of legislation that the council has adopted to try to meet its demands for an urban municipality in trying to resolve misdemeanor cases versus more serious cases. They've enacted a very fair procedure that benefits everyone, the district community, as well as those who are arrested on these low-level misdemeanors. You have a possibility of not having to go through the inconvenience of a trial and whatever might result from that. You're able to pay a small fine, which is sort of a fine in retrospect, and be able to go on your way. In the list of misdemeanors, is the maximum punishment all just a fine, or is there a possibility of jail time? In the collateral offenses that are eligible? Yes. There's a possibility of jail time in some of these collateral offenses, yes. Can you tell me, I'm not sure I have a complete grasp of how this system works. First of all, the prosecution of misdemeanors in the District of Columbia is not by the U.S. Attorney? I think one could generally make the distinction between misdemeanors and felonies. I can't say it's a perfect separation, but the District of Columbia does prosecute these low-level crimes. The Office of the Attorney General? That's right. I'm sorry, the District of Columbia Office of the Attorney General. The District of Columbia Corporation Counsel. Right, right, right. If someone gets arrested out on the street for a misdemeanor and is handed a citation rather than being put in handcuffs and taken down to the police station, is that person arrested on the street eligible for this post-important? Absolutely. But how does that work? He doesn't hand the money to the police officer on the street, right? No, no. This is the field arrest process. It's actually been in the statute, D.C. Code, for a long time, but it was recently sort of rejiggered and codified by the counsel. So what happens? The person is stopped on the street for having an open liquor bar. What are the next steps? Well, they get this citation that tells them to report to the local precinct. I think it identifies the station you're supposed to go to, and I think you have about 15 days to come there and do what you're going to do next. In most cases, if you're eligible for citation release at that point, in other words, you're not a danger of some kind and you're not going to be held, you will likely have the option of post and forfeit, or you can determine to go to trial, and there's preset dates for those citations that the court has already indicated are the dates for a hearing. And that's broken up, I think, by precinct level. So it's all very routinized and in advance, and you can make the choice at that point. But if you're arrested, if the person is arrested and handcuffed and taken to the precinct and they don't do the post and forfeit thing, what's the next step? Are they jailed overnight until they post bond? Most likely they would have to wait until the next court hearing, and most likely that would mean about a night in jail, yeah. Now, just on that note, the counsel amended the law in 2015 regarding post and forfeit, so the option for post and forfeit is no longer available for those who are not eligible for what they call the citation release, in which you would not be held overnight. Oh, okay. So only the citation release, post and forfeit only applies to the citation release? Or, I mean, theoretically it could apply if you're taken into custody off the street, but you come to the station house and it's determined that we're not going to hold you and that you have the option to then leave, I think you would be eligible for post and forfeit. I don't know how often that would occur. How many other jurisdictions have something like this? You know, we've scoured the states and we didn't find a lot, but there are some. It's my understanding that you could find something equivalent to it in Idaho with regard to misdemeanor traffic cases, although it looks like the prosecutor is involved rather than just the police in that situation. In Wyoming, forfeiture of your collateral is considered no low contender aid. And then Georgia seems to have something for bad checks where you can no contest a cash bond. It has to be a low-level check, I think, and it's a guilty plea. I would note that the federal system has something similar, but not exactly. If you look at Criminal Procedure Rule 58 on the federal level, it authorizes magistrates for certain misdemeanors to allow post and forfeiting. If you forfeit collateral there, however, it's likely to be a guilty finding of some kind. And all I could find was really the federal rule just allows local district courts to enact something. And at this point, Michigan and Pennsylvania seem to be the most explicit about the post and forfeiting. Why don't other jurisdictions have something like this, do you think? I actually think it's possible they do, but it's hard to find them. South Carolina at least used to have this procedure for traffic offenses. I think I did see something for South Carolina. I think I can tell you that South Carolina did. I think you're right, and I defer completely. My wife and I both can separately tell you. That's great. You know, really, I think maybe I'm just a poor researcher, but I think there likely are more statutes. It's very difficult to find because the terminology is so local specific. And when you do searches of bond and collateral, you're going to get into the basic criminal procedure of posting bond. But to the extent they haven't used it, they just may not have the type of urban municipality that we have, I don't know. In any event, you know, really, what this law is is a very beneficial law for everyone. You know, the District of Columbia is allowed to preserve its resources for those very serious crimes. Keep in mind, if any of these cases go to trial, you're likely going to have a police officer have to come in and testify. That's going to take that person off the street. You're going to have to devote a prosecutor to that particular day. I mean, there's a lot of resources that are spent on any trial. So this is a way to preserve those resources, but to maintain some deterrence. And it allows criminal defendants for these low-level crimes to just, you know, sort of understand that this isn't something that they can just get a free pass on, but at the same time, you know, be able to find a way to get out of a situation that perhaps they just mistakenly got into and not have to worry about all of this criminal process that can occur. It's beneficial to everybody. It's rationally related to the district's interests. There's just no reason to strike this law down. There are no other questions. Okay, thank you. Thank you. I'll give you a minute for rebuttal. Thank you, Your Honor. I understand the government pointing out some of the policy benefits of this post-in-forfeit procedure, and they say that everybody benefits. But because of the lack of oversight, there is a problem that's created for society. To give an example, both the government and an individual might be happy if the government said, we'll offer you $50 not to criticize the President, and somebody who doesn't want to criticize the President say, great, I'm making $50, and both sides are happy. But that takes away an important public interest in the exercise of free speech. Similarly here, taking away due process undermines the system in a way that having an actual adjudicatory finding wouldn't. There would be some oversight in that case. Thank you very much. Thank you. The case is submitted.
judges: Kavanaugh, Sentelle, Randolph